UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON WADE,

    Petitioner,

                                                   Case No. 12-12790

v.                                                   Honorable David M. Lawson

LLOYD RAPELJE,

    Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR REMOVAL

On June 26, 2012, the petitioner Preston Wade filed a "Petition for Removal" pursuant to 28 U.S.C. § 1443. The Clerk of the Court docketed the petition for removal as a "Petition for Writ of Habeas Corpus." *See* Pet. for Writ of Habeas Corpus [dkt. #1]. However, the Court does not construe the petitioner's pleading as a habeas petition because he is not alleging that "he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Rather, the petitioner is asking the Court to remove a pending "Petition for Writ of Error Coram Nobis" from the Macomb County, Michigan circuit court to this Court. The Court finds that the petitioner cannot establish his right to removal under section 1443 and, therefore, will deny his petition.

I.

The petitioner, currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, was sentenced to life imprisonment and two-years imprisonment after being convicted of first-degree premeditated murder and felony firearm, respectively, by a jury in the Macomb County, Michigan circuit court. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Wade*, No. 194634, 1999 WL 33441321 (Mich. Ct. App. June 1, 1999). On

March 28, 2000, the Michigan Supreme Court denied his delayed application for leave to appeal. *People v. Wade*, 461 Mich. 995, 610 N.W.2d 927 (2000) (table). Subsequently, the petitioner filed a motion for relief from judgment in the state trial court, which was denied. *People v. Wade*, No. 95-002557-FC (Macomb Cnty. Cir. Ct. July 2, 2001). Both state appellate courts denied his delayed applications for leave to appeal. *People v. Wade*, No. 242116 (Mich. Ct. App. Dec. 13, 2002); *People v. Wade*, 468 Mich. 941, 664 N.W.2d 220 (2003) (table). It does not appear that the petitioner has filed a petition for a writ of habeas corpus in either of the federal courts of the Eastern District of Michigan or the Western District of Michigan.

II.

In his pleadings before this Court, the petitioner appears to be seeking removal of a pending "Petition for Writ of Error Coram Nobis" from the Macomb County, Michigan circuit court. He alleges that he has been unlawfully deprived, and restrained, of his liberty, and that the courts are failing to enforce his rights under both the state and federal constitutions, thus violating his due process and equal protection rights. Pet'r's Pet. 2. He states that "[t]he only remedy remaining to [him] to secure his constitutional and civil rights is to have the entire [criminal action] arising under [case number] 95-2557-FC, [be] removed to the jurisdiction of this Honorable Court." *Id.* at 5. He claims that the criminal offenses for which he is being held "are not actually criminal, but are civil under 27 C.F.R. 72.11." *Id.* at 4. He also alleges that he was denied the effective assistance of counsel. *Id.* at 5. He further requests that this Court decide his "Petition for Writ of Error Coram Nobis." *Id.* at 6.

The statute authorizing the removal of a pending state criminal proceeding states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The petitioner is not entitled to removal under either subsection of section 1443. The purpose of section 1443 is to allow removal to address the violation of a right to racial equality that is unenforceable in state court. *See Johnson v. Mississippi*, 421 U.S. 213, 218 (1975). The *Johnson* Court articulated a two-part test applicable to removal petitions filed under section 1443. *Id.* at 219. To remove a case under section 1443(1), the petitioner must show that the right allegedly denied him arises under a federal law providing for specific civil rights stated in terms of racial equality and that he cannot enforce the specified federal right in state court. *Georgia v. Rachel*, 384 U.S. 780, 803 (1966); *see also Johnson*, 421 U.S. at 219 (same); *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989).

The petitioner asserts generally that his state court prosecution "results from a violation of the Constitution and law as well as from [his] refusal to desist or forego secured rights, privileges and immunities" and was in violation of 42 U.S.C. § 1981. Pet'r's Pet. at 4. However, such conclusory allegations of civil rights violations are insufficient to remove a state criminal prosecution to federal court. *See Louisiana v. Nelson*, No. 09-743-C, 2009 WL 3681980, *1-2 (M.D. La. 2009) (conclusory allegations of racial discrimination by state judges and prosecutors

were insufficient to support removal) (citation omitted); *see also Thompson v. Scutt*, No. 1:11-cv-573, 2011 WL 2745934, at *5 (W.D. Mich. July 13, 2011) (same). There are no allegations here that the petitioner has been or will be unequally treated or that he has been or will be denied such a right. The petitioner cannot satisfy the first prong of the test. Additionally, it is clear that the petitioner has not satisfied the second prong of the removal statute because he has not made reference to any formal expression of state law that would deny his ability to enforce his federal rights in the state court. Thus, the petitioner is not entitled to removal under section 1443(1).

Removal under section 1443(2) is unavailable to the petitioner because removal under that section is limited only to federal officers and to persons authorized to act for or under them. *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966); *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979). Thus, the petitioner in this case is not entitled to the right of removal under section 1443(2).

Even if the petitioner were entitled to removal, which he is not, he would face additional hurdles. First, the petitioner is not entitled to relief on a claim for a writ of error coram nobis in the state courts because such a writ has been abolished in the Michigan courts. *See Dewey v. Smith*, 250 Mich. 377, 379, 230 N.W. 180, 180-81 (1930). Second, the petitioner's argument that his offenses are not criminal but civil under 27 C.F.R. § 72.11 is in error. Section 72.11 does not apply and has no relevance to the criminal prosecution of the petitioner. Rather, section 72.11 sets forth the meaning of various terms used in the regulations governing the Bureau of Alcohol, Tobacco and Firearms. As such, the Court can discern no relevancy of that section to the instant action.

Finally, the Court will deny the petitioner's request to construe his petition as a "Petition for Writ of Error Coram Nobis" in this Court. "Coram nobis is an extraordinary writ, used only to

review errors of the most fundamental character — *e.g.*, errors rendering the proceedings themselves invalid." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (citing *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996)). The writ of error *coram nobis* is a potential avenue for relief when relief under 28 U.S.C. §§ 2254 or 2255 is no longer available because a petitioner has served his or her sentence and is no longer in custody. *Blanton*, 94 F.3d at 231. A writ of error coram nobis may be granted only when a petitioner demonstrates "(1) an error of fact, (2) unknown at the time of trial, (3) of fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.*

The petitioner's convictions did not occur in this Court. The writ is available to correct an error of fact in the same court that rendered the judgment and is not available in federal court for errors of law. *Johnson*, 237 F.3d at 753; *see also Campbell v. Breck*, 113 F.3d 1234, 1997 WL 211251, at *1 (6th Cir. 1997) (table) ("A petition for a writ of error coram nobis must be presented to the court that pronounced the judgment, and it is not available in federal courts for errors of law."). This Court was not the trial court for the petitioner's 1996 conviction and did not pronounce the judgment that the petitioner's challenges, and therefore, it would be improper for this Court to entertain an action for a writ of error coram nobis. The petitioner is not entitled to pursue a writ of error coram nobis in this Court because the Court is without the power to grant it.

III.

The petitioner cannot establish his right to removal under either section of 28 U.S.C. § 1443. Therefore, the petition will be denied.

Accordingly, it is **ORDERED** that the petitioner's request for removal of his state-criminal proceedings from Macomb County, Michigan circuit court to this Court is **DENIED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

                    s/David M. Lawson  
                    DAVID M. LAWSON  
                    United States District Judge

Dated: August 24, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2012.

                    s/Deborah R. Tofil  
                    DEBORAH R. TOFIL